JOHN B. LEAVITT, Respondent, *v.* LEWIS S. CHASE, Appellant.

Plaintiff, a lawyer, was jointly interested with H. who was not a lawyer,
in making certain collections for defendant; he also conducted litigations
for defendant not connected with the collections. In an action to recover
for professional services, defendant claimed that under an arrange-
ment with H. it was agreed that plaintiff's fees were to be contingent
upon a recovery. *Held*, the fact that plaintiff and H. were jointly
interested in making collections did not authorize the latter to bind
plaintiff by a contract for his professional services in other matters,
and it having been found that H. had no authority to make the contract
and that it was not subsequently ratified by plaintiff, he was entitled
to recover.

(Argued December 10, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
April 16, 1891, which affirmed a judgment in favor of plain-
tiff entered upon the report of a referee.

This was an action to recover for services as an attorney
rendered by plaintiff for defendant.

The following is the opinion in full:

" The main items in the recovery in this case are for serv-ices rendered by the plaintiff as attorney for the defendant in what are called the *Bennett* case and the case of the *Second Avenue Railroad*, which were suits brought by the defendant.    It is admitted in the answer that the services of the plaintiff in these litigations were not rendered under either the agreement of October 2, 1880, or that of October 1, 1882, and did not relate to collections mentioned in these agreements.

" But it is claimed by the defendant that these suits were undertaken by the plaintiff under a special agreement made between the plaintiff and the defendant, made in behalf of the plaintiff by his brother, H. H. Leavitt, by which his fee was to be contingent upon a recovery in the actions.    The plaintiff denied that his brother was authorized to enter into any agree-ment for his services, and alleged that the defendant not only knew that he had no such authority, but that he dealt with the plaintiff directly as principal during the course of the liti-gations. ° The plaintiff admits that the defendant proposed to him that he should undertake and conduct these litigations in consideration of a contingent fee, but claims that he was dis-inclined to make such an agreement and so informed the defendant, and that no agreement was made between them on the subject.

" The referee found for the plaintiff on the issue.    The evi-dence in behalf of the respective parties upon the point is irreconcilable, and the referee's decision on the fact is final here.    The defendant claims that the plaintiff and his brother were partners in respect to business undertaken by the plain-tiff for the defendant and that the arrangement by H. H. Leavitt was binding upon the plaintiff upon the principle of agency.    The counsel for the defendant is mistaken in his assumption that the referee proceeded upon the ground that no partnership could exist between the plaintiff, a lawyer, and H. H. Leavitt, who was not at the time a lawyer, in respect to the conduct of legal business.    The brothers were jointly interested in the business furnished by the defendant, in col-lections for advertising.    But this did not authorize H. H. Leavitt to bind his brother by contracts for the latter's services in other matters.    Whether his contract did bind him would

depend upon actual authority, or upon the plaintiff's subsequent ratification of a contract made by his brother in his behalf, without authority in the first instance.

" There is evidence sustaining the referee's conclusion that H. H. Leavitt had no authority in fact to contract for his brother's services in the matters referred to, and that the defendant knew it and understood that no contract for a contingent fee had been made between him and the plaintiff.

" Other items allowed by the referee were for services rendered prior to October 1, 1883, not within the scope of the agreements of 1880 and 1882, and items for services rendered after October 1, 1883, in new cases, at which date the contract of October 1, 1882, was terminated by written notice given by the plaintiff to the defendant.

" We perceive no legal error in the allowances made in these two classes of cases. In respect to the services in new cases after October 1, 1883, it is claimed by the defendant that the agreement of October 1, 1882, was reinstated, and that the parties proceeded as though that contract had not been terminated. There is some evidence both in the conduct of the plaintiff and in the direct testimony for the defendant in support of this claim, but upon the whole evidence it was a question of fact upon which the referee's finding is conclusive.

" We think there is no error of law in the case, and the judgment must, therefore, be affirmed."

*Robert G. Ingersoll* for appellant.

*Austen G. Fox* for respondent.

*Per curiam* opinion for affirmance.
All concur.
Judgment affirmed.  _____